UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| KENNETH E. SCOTT, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | No. 1:06CV118 HEA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, [Doc. 1]. The government has responded to the motion. Movant has presented several grounds upon which he relies for relief. As set forth below, Movant has failed to establish that he is entitled to have his sentence set aside, corrected or vacated. The Motion, is therefore DENIED WITHOUT HEARING.

### Facts and Background

Movant was indicted on a two count Indictment on March 20, 2003, charging him with knowingly possessing pseudoephedrine with the knowledge or reasonable cause to believe it would be used to manufacture methamphetamine in violation of 21 U.S.C. §841(c)(2); and possessing a firearm by a previously convicted felon in violation of 18 U.S.C. § 922(g)(1).

Movant's bench trial[1] was set for September 15, 2003. On the morning of the scheduled trial, Movant filed his Assertion of Right to Self-Representation and Request for the Appointment of Standby Counsel. The Court allowed the Motion, and Movant's previous attorney was appointed standby counsel.[2] The Court denied Movant's motions for judgment of acquittal and found Movant guilty on both counts.

Movant was sentenced on December 2, 2003, after the Court overruled his objections to the PreSentence Investigation Report and denied Movant's request for a reduction for acceptance of responsibility. Movant was sentenced to an aggregate term of 296 months imprisonment.

Movant filed his notice of appeal on December 3, 2003. Defense counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), suggesting that the Court erred in denying Movant's Motion to Suppress statements Movant made before and after his arrest, and evidence seized form his vehicle pursuant to a consent search and an inventory search.

---

[1] Movant filed a written waiver of jury trial on September 4, 2003.

[2] Throughout the memoranda submitted in this matter, there is much discussion regarding whether the Assistant United States Attorney was standby counsel. A mistake was clearly made in the Government's Response that the "undersigned" was standby counsel. The record unequivocally reveals that the AUSA was *not* appointed standby counsel, and the reference to such was obviously inadvertent.

The Eighth Circuit Court of Appeals affirmed the conviction and sentence in an unpublished opinion. See *United States v. Scott*, 132 Fed.Appx. 102, 105-6 (8th Cir. 2005).

Movant now seeks to vacate his conviction and sentence based on several grounds.

### **Standards for Relief Under 28 U.S.C. 2255**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th

Cir. 1994)(citing 28 U.S.C. § 2255). Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043.

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir. 2003). To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749,

753 (8th Cir.), *cert. denied,* --- U.S. ----, 126 S.Ct. 221 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice

exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

Where a defendant raises multiple claims of ineffective assistance, each claim of ineffective assistance must be examined independently rather than collectively. *Hall v. Luebbers,* 296 F.3d 385, 692-693 (8th Cir.2002); *Griffin v. Delo,* 33 F.3d 895, 903-904 (8th Cir.1994).

## **Discussion**

### **Ground One: Schedule II vs. Schedule III Controlled Substance**

Movant claims he has been "denied due process of law in his sentencing in that the prosecution did not prove Petitioner was involved with a precursor of a schedule II controlled substance, when the government's proof only allowed a finding of a schedule III controlled substance."

As the Government notes, Movant was charged with possessing pseudoephedrine with reasonable cause to believe it would be used to manufacture a controlled substance under 21 U.S.C. § 841(c), and therefore, the Government was not required to prove the presence of any type of methamphetamine.

Furthermore, the Eighth Circuit and other courts have rejected Movant's contention. *United States v. Roark,* 924 F.2d 1426 (8th Cir.2005)(Attorney General and Bureau of Narcotics and Dangerous Drugs followed correct procedures and made

necessary findings in 1971 to reclassify methamphetamine as a Schedule II controlled substance); *United States v. Kosek,* No. CR99-3029-MWB, 2004 WL 2192767 (N.D.Iowa Sept. 28, 2004) (surveying circuit opinions rejecting argument in context of rejecting 2255 ineffective assistance claim); *U.S. v. Ruiz* 2006 WL 1579996, *2 (D.Minn.,2006); *U.S. v. Gaona-Lopez,* 2007 WL 1290129, *2 (D.Neb.,2007)("the Defendant's argument lacks merit. In 1971, the Attorney General took the necessary steps to change methamphetamine from a Schedule III to a Schedule II substance." citing *Roark*, 924 F.2d at1428-29).

**<u>Ground Two: Due Process Violation by erroneous Application of "Mandatory" Guidelines</u>**

Movant's second ground for relief is that he was denied due process by the Court's application of the Sentencing Guidelines as if they were mandatory. On appeal, Movant made the same allegation of error. The Eighth Circuit agreed that this Court's

> application of mandatory sentencing guidelines, combined with its findings concerning drug quantity and role in the offense, was contrary to the Sixth Amendment as applied in *Booker*. Scott did not raise a Sixth Amendment objection in the district court, however, and we thus review his sentence under the plain error standard. We find that Scott's substantial rights were not affected by the court's erroneous application of mandatory sentencing guidelines, because the record as a whole does not establish a "reasonable probability" that he would have received a more favorable sentence had the court considered the guidelines as advisory. . .Because this sentence is at the middle of the

> guideline range, and we have no other reason based on the record to believe the court would have imposed a more favorable sentence had it understood that the guidelines were only advisory, we determine that Scott has failed to show that his substantial rights were affected by the court's erroneous application of the mandatory guidelines.

*United States v. Scott*, 132 Fed.Appx. 102, 105-6 (8th Cir. 2005). Movant cannot now relitigate this same argument. *United States v. Shabazz*, 657 F.2d 189 (8th Cir. 1981)("It is well settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255.")

Movant also urges that his sentence should be vacated because the sentencing enhancements were not charged in the indictment nor were they proven beyond a reasonable doubt. The Government correctly argues that even after *United States v. Booker*, 543 U.S. 220 (2005), facts which underlie a sentencing enhancement that does not increase the sentence above the congressionally authorized maximum "need not be alleged in the indictment to pass constitutional muster." *United States v. Okai*, 454 F.3d 848, 851 (8th Cir. 2006).

Movant asserts that the Supreme Court decision in *Cunningham v. California*, __U.S.__, 127 S.Ct. 856, 864 (2007), requires proof of sentencing facts beyond a reasonable doubt.[3] Movant's reliance on *Cunningham* is misplaced. In

---

[3] The Court's discussion of *Cunningham* is premised on the fact that Movant may be precluded from arguing it at all. "A few cases have addressed whether *Cunningham* should be applied retroactively to convictions that were final prior to its decision. As the district court stated in *Hally v. Scribner*, 2007 WL 809710, *2 (E.D.Cal.2007), '[b]ecause petitioner's conviction became final before *Blakely* and because the decision in *Cunningham* depended on the

*Cunningham*, the Supreme Court was assessing a California sentencing scheme wherein the upper limit of the defendant's sentence was the middle range under the scheme, and the court enhanced the defendant's sentence to the upper range, thereby enhancing the defendant's sentence. Such is not the situation with respect to Movant. Movant was sentence *within* the applicable range, therefore *Cunningham* provides no relief.

> Under "*Apprendi,* 'any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" *Cunningham v. California,* --- U.S. ----, 127 S.Ct. 856, 864, 166 L.Ed.2d 856 (2007) *quoting Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). "[T]he 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts ... admitted by the defendant." *Blakely v. Washington,* 542 U.S. 296, 303, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) (emphasis omitted). The Sixth Amendment is not implicated by "the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range." *United States v. Booker,* 543 U.S. 220, 233, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). "For when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." *Id.*

*U.S. v. Carpenter,* 487 F.3d 623, 625 (8th Cir. 2007).

### Ground Three: 21 U.S.C. § 841(b)(1)(A) & (B) are Unconstitutional

Movant was not convicted or sentenced under these provisions, therefore, he

---

new rule announced in *Blakely,* the court finds that *Cunningham* would not apply retroactively to convictions that were final prior to its publication. In other words, *Cunningham* does not retroactively apply to petitioner's conviction ...' As movant's conviction became final before this year's decision in *Cunningham,* the Court finds that *Cunningham* does not apply to this case." *Smith v. U.S.,* 2007 WL 990264, *1 (E.D.Ark.,2007).

has no standing nor basis upon which to challenge them.

### Ground Four: Ineffective Assistance of Counsel for failing to conduct "Thorough" Investigation

Movant argues that counsel was ineffective for failing to investigate what constitutes a schedule II controlled substance verses a schedule III substance. For the reasons set forth above, this ground is without merit.

### Ground Five: Ineffective Assistance of Counsel at Trial

Movant argues that he was denied his right to assistance of counsel at the trial because "counsel had not prepared to try the case, and advised Petitioner that Petitioner should represent himself." The record belies this claim. The Court thoroughly inquired of Movant his understanding of his desire to waive assistance of counsel and proceed *pro se*. Movant unequivocally advised the Court that he was giving up his right voluntarily. He cannot now contend that he was denied effective assistance of counsel.

Movant further argues that counsel did not investigate the case to determine whether he was engaged in the manufacture of methamphetamine, and that he was a minor player. As the Government correctly argues, Movant was convicted of a violation of 21 U.S.C. § 841(c)(2) for possession of pseudoephedrine knowing or having reasonable cause to believe it would be used to manufacture

methamphetamine. Thus, movant's argument is irrelevant vis a vis the actual conviction.

### Ground Six: Right to Confrontation and Cross-Examination

Movant argues that his right to confrontation and cross examination were violated in determining the drug quantity for purposes of sentencing. As found on appeal, this argument is unavailing because it was Movant's own statements that were used to determine the drug quantity.

> The record establishes that it was Movant's own statements made to officers that determined the amount of relevant conduct, not Lucinda Carter's statements. "The trial and sentencing testimony of both Corporal Hazelwood and Officer Alford, which the district court credited, demonstrated that 55.4 grams of pseudo-ephedrine had been found hidden in a doghouse, that Scott admitted he intended to use that pseudoephedrine to make methamphetamine, and that Scott admitted to prior manufactures that would have required an estimated 102 grams of pure pseudoephedrine. This testimony supports the court's determination that Scott should be held accountable for 157.4 grams of pseudoephedrine.

*Scott*, 132 Fed.Appx. at 105.

### Ground Seven: Ineffective Assistance of Counsel on Appeal

Movant contends that counsel, presumably standby counsel, was ineffective because the *Anders* brief did not raise the question of whether his right of confrontation and cross examination had been abridged by the utilizations of the Carter hearsay statements during the course of the trial and at sentencing. As

- 11 -

discussed above, it was Movant's statements, not Carter's that were used.

Movant also alleges that counsel failed to make a *Blakely v. Washington*, 542 U.S. 296 (2004) argument concerning the Court finding the sentencing enhancements by a preponderance of the evidence. As previously discussed herein, the Court's findings of fact were not contrary to *Blakely*, therefore, Movant can show no prejudice by counsel's lack of argument therefore on appeal.

Likewise, Movant's argument that counsel failed to argue that the sentence was unreasonable is without merit. The Eighth Circuit found the sentence to be reasonable under the advisory guidelines analysis. *Scott*, 132 Fed.Appx. at 105-6.

**Ground Eight: Conviction for Violation of 18 U.S.C. § 922(g) Unconstitutional**

Movant argues that his conviction for a violation of 18 U.S.C. § 922(g) is unconstitutional because he himself did not carry the firearm in interstate commerce. Movant's argument is without merit. As part of the stipulation read into the record, Movant stipulated that the firearm in question was manufactured in Southport, Connecticut or Newport, New Hampshire and was ultimately transported into the State of Missouri. Furthermore, the Court inquired of Movant whether he agreed to the stipulation, to which Movant responded that he did. This admission that the firearm was manufactured outside the state is sufficient to satisfy § 922(g). See *United States v. Sianis*, 275 F.3d 731, 734 (8th Cir. 2002). There is no indication

that Congress intended to require more than a minimal nexus that the firearm has been at some point in interstate commerce. *United States v. Scarborough*, 431 U.S. 563, 575 (1977).

### Ground Nine: Possession of a Weapon Enhancement was a violation of Due Process

The Court enhanced Movant's sentence based on his having possession of a firearm for the purpose of facilitating a drug trafficking crime. The evidence presented at sentencing establishes that this enhancement was proper. The firearm was located in the backseat of Movant's Blazer. It was loaded with three rounds of ammunition; there were two rounds of ammunition on the sleeve on the butt of the rifle; there were seven rounds of ammunition found in the glove box of the Blazer. Movant's argument that the enhancement was based upon the mere presence of the rife in his home is preposterous.

### Conclusion

Based upon the foregoing analysis, the record clearly establishes that none of the grounds upon which Movant relies entitles him to relief.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. 1], is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

Dated this 30th day of July, 2007.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE